UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN PRESTON,<br><br>           Plaintiff,<br><br>     v.<br><br>ALMA POSADA,<br><br>           Defendant. | No.  2:22-cv-02199-CKD P<br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the motion to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2  § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### II. Allegations in the Complaint

Plaintiff is currently incarcerated at Salinas Valley State Prison.  ECF No. 1 at 1.  In the complaint, plaintiff alleges that he called the Employment Development Department ("EDD") in October 2008 to apply for unemployment benefits.  ECF No. 1 at 3.  Defendant Posada answered

plaintiff's call and used a racial slur against him. ECF No. 1 at 7. Defendant told plaintiff he did not have a claim and hung up on him. ECF No. 1 at 7. Plaintiff alleges that he was denied unemployment benefits on the basis of his race by defendant Posada in violation of the Equal Protection Clause of the Fourteenth Amendment. Id. Plaintiff was subsequently found eligible for unemployment benefits retroactive to October 19, 2008, but he has yet to receive them. ECF No. 1 at 3, 8.

### III.    Procedural History

Prior to filing the present action, plaintiff filed another § 1983 action raising the same claim against the same defendant in the Northern District of California. Preston v. Posada, Case No. 3:20-cv-06527-SI (N.D. Cal.) (hereinafter referred to as "Preston I").[1]  On May 12, 2022, the district court dismissed plaintiff's action after finding that it was barred by the relevant statute of limitations. See Preston v. Posada, Case No. 3:20-cv-06527-SI (N.D. Cal.) at ECF No. 17. The dismissal was "without prejudice to Preston pursuing a claim for unemployment benefits with the appropriate state agency and state court." ECF No. 17 at 2.

### IV.    Analysis

The doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono O'Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). "Res judicata, also known as claim preclusion, applies only where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (citation and internal quotation marks omitted). This doctrine prevents the re-litigation of any claims that were raised, or could have been raised, in a prior action. Western Radio Servs. Co., Inc., v. Glickman,

---

[1] The court takes judicial notice of the records in Preston I. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (emphasizing that a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); see also Fed. R. Evid. 201(b)(2) (stating that a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

123 F.3d 1189, 1192 (9th Cir. 1997). Based on these governing legal standards, plaintiff is directed to show cause why this case should not be dismissed with prejudice as barred by res judicata within 21 days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Within 21 days from the date of this order, plaintiff shall show cause in writing why this case should not be dismissed as barred by res judicata.
4. Plaintiff's failure to respond to this order within the time provided will result in a recommendation that this action be dismissed.

Dated: May 24, 2023

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

12/pres2199.osc