1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NATHAN PRESTON,                          No. 2:22-cv-02199-CKD P

12                   Plaintiff,

13           v.                                ORDER AND

14    ALMA POSADA,                             FINDINGS AND RECOMMENDATIONS

15                   Defendant.

16

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

19    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20           **I.       Allegations in the Complaint**

21           Plaintiff is currently incarcerated at Salinas Valley State Prison. ECF No. 1 at 1.  In the

22    complaint, plaintiff alleges that he called the Employment Development Department ("EDD") in

23    October 2008 to apply for unemployment benefits.  ECF No. 1 at 3.  Defendant Posada answered

24    plaintiff's call and used a racial slur against him.  ECF No. 1 at 7.  Defendant told plaintiff he did

25    not have a claim and hung up on him.  ECF No. 1 at 7.  Plaintiff alleges that he was denied

26    unemployment benefits on the basis of his race by defendant Posada in violation of the Equal

27    Protection Clause of the Fourteenth Amendment.  Id.  Plaintiff was subsequently found eligible

28    for unemployment benefits retroactive to October 19, 2008, but he has yet to receive them.  ECF

1

1    No. 1 at 3, 8.

2        **II.      Procedural History**

3        Prior to filing the present action, plaintiff filed another § 1983 action raising the same

4    claim against the same defendant in the Northern District of California.  Preston v. Posada, Case

5    No. 3:20-cv-06527-SI (N.D. Cal.) (hereinafter referred to as "Preston I").  On May 12, 2022, the

6    district court dismissed plaintiff's action after finding that it was barred by the relevant statute of

7    limitations.  See Preston v. Posada, Case No. 3:20-cv-06527-SI (N.D. Cal.) at ECF No. 17.  The

8    dismissal was "without prejudice to Preston pursuing a claim for unemployment benefits with the

9    appropriate state agency and state court."  ECF No. 17 at 2.

10       On May 24, 2023, this court ordered plaintiff to show cause why his new complaint

11   should not be dismissed with prejudice as barred by res judicata.  ECF No. 5.  Plaintiff filed a

12   response to the show cause order that argues that his claims are timely filed.  ECF No. 13.

13   However, plaintiff does not address the prior civil rights action that he filed in the Northern

14   District of California against the same defendant raising the same equal protection claim.

15       **III.     Analysis**

16       In this action, plaintiff sues the same party that he sued in Preston I and raises the same

17   equal protection claim stemming from his 2008 denial of unemployment benefits.  As a result, the

18   court finds that there is privity between the parties in this action as well as the parties in Preston I.

19   See Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012).

20   Additionally, a final judgment was entered on the merits in Preston I before plaintiff filed this

21   action.  Having reviewed the docket in Preston I, the undersigned finds that res judicata precludes

22   re-litigation of plaintiff's claim against defendant in the instant case.  See Headwaters Inc. v. U.S.

23   Forest Serv., 399 F.3d 1047, 1054 (9th Cir. 2005) (stating that "[a]s a general matter, a court may,

24   sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a

25   previous action covering the same subject matter and parties had been dismissed.'").  To the

26   extent that plaintiff disagrees with the outcome in Preston I, his legal remedy was to file a notice

27   of appeal instead of filing a new lawsuit in a different jurisdiction.  Therefore, the undersigned

28   recommends sua sponte dismissing plaintiff's complaint with prejudice.

**IV.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that the claim against this defendant was previously dismissed by the Northern District of California.  Your complaint is being dismissed with prejudice because you cannot relitigate the same claim against the same defendant in a different court.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The order to show cause issued on May 24, 2023 is discharged based on plaintiff's response.

2.  The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's complaint be dismissed with prejudice as barred by res judicata.

2.  Plaintiff's motion to amend (ECF No. 11) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 13, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/pres2199.F&R.res.judicata

3